JAMES FLOOD v. JAMES FLOOD.

APPEAL by the plaintiff from a judgment of the District Court of the First District, *Buchanan*, J.

*Crawford* and *McHenry*, for the appellant.

*McCarty* and *Haynes*, for the defendant.

BULLARD, J. This suit was at first brought upon an account for one half of certain jobs of paving done by the parties on joint account, and for a number of days work during the years 1838, 1839, 1840 and 1841. The defendant having excepted that the petition showed a partnership between the parties, and that a settlement of the same was not demanded, but judgment for a particular sum, the plaintiff amended his petition and prayed for a settlement of the partnership concerns, and for a judgment for the balance due him, and also for his labor as a workman on jobs not undertaken in partnership.

The defendant for answer put in the general denial, and a want of amicable demand. With respect to the last plea, it is enough to say that numerous demands are proved before the plaintiff brought suit.

Upon the merits, the defendant has chosen to rely upon the geral denial, and it is clearly disproved by the evidence. It is shown that the plaintiff entered into a contract with the Second Municipality for paving, to the amount of $9000. That the defendant became his surety upon condition that he was to receive the money, and to become jointly interested in the contract. He did receive the whole amount, and it is shown that the plaintiff himself worked on the job. The defendant has rendered no account showing disbursements made by him on account of the partnership. If the disbursements made by the defendant, in pursuance of the contract with the Second Municipality, were of a greater value than the labor of the plaintiff, it was for him to show it, in rendering account of the fund in his hands belonging to the partners. The District Court gave judgment for one-half of the supposed profits of the concern, and assumed the amount of the profits to be $4000. This sum is mentioned by the former bar-keeper and book-keeper of the

Flood v. Flood.

defendant, as the nett profits according to the admissions of the defendant. The witness said, he had heard the defendant say, *he* had cleared $4000 by the contract. The plaintiff having shown that the defendant received partnership funds to the amount of $9000, and that the work was done by himself, we know of no principle of law which raises a presumption, in the absence of any proof, that one of the partners made all the disbursements. The plaintiff is entitled, undoubtedly, to one-half of the fund not shown to have been expended in the performance of the contract, besides an allowance for his own labor. But the defendant has chosen to render no account, to give no satisfaction, to show no expenditures over and above what were made by the plaintiff. Under those circumstances, we think, the plaintiff entitled to recover one-half of the partnership fund.

Upon the other parts of the case we concur with the court below in the opinion that the evidence is too vague to authorise a recovery.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and that the plaintiff recover of the defendant $4500, with interest at five per cent from judicial demand, and the costs in both courts.

SAME CASE—ON AN APPLICATION FOR A RE-HEARING.

*Benjamin* and *Micou*, prayed for a re-hearing in this case.

BULLARD, J. It is ordered that the judgment rendered in this case be so amended, as to reserve to the defendant his right, if any he has, to recover in a separate action such disbursements as he may have made, in relation to the paving contract with the Second Municipality, over and above the expenditures or value of the services of the plaintiff; and that, in other respects, the judgment remain undisturbed.